## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-1090

**FUEL PLUS, LLC**

**VERSUS**

**RAPIDES PARISH POLICE JURY AND DONNA ANDRIES IN HER CAPACITY AS TAX ADMINISTRATOR FOR THE RAPIDES PARISH SALES AND USE TAX DEPARTMENT**

**\*\*\*\*\*\*\*\*\*\***
APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 227,620
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## J. DAVID PAINTER

**\*\*\*\*\*\*\*\*\*\***

Court composed of Billy Howard Ezell, J. David Painter, and James T. Genovese, Judges.

**AFFIRMED.**

Julie R. Wilkerson
235 Mosby Drive
Pineville, La 71360
Counsel for Plaintiff-Appellant:
    Fuel Plus, LLC

Thomas O. Wells
P.O. Box 13438
Alexandria, LA 71315
Counsel for Defendant-Appellee:
    Rapides Parish Police Jury

Scott M. Brame
P.O. Box 126
Alexandria, LA 71309
Counsel for Defendant-Appellee:
    Donna Andries as Administrator of
    Rapides Sales & Use Tax Department

PAINTER, Judge.

Plaintiff, Fuel Plus, LLC, appeals the ruling of the trial court finding effective the local option election prohibiting sales of alcohol in Ward 10 of Rapides Parish, Louisiana.

## FACTS

In the 1970s, Rapides Parish was reapportioned into nine electoral districts, having previously elected police jury members from eleven wards. The wards continued to exist as political entities for some purposes. In 1981, an election was held in Rapides Parish to determine which areas of the parish would allow alcohol sales and which would prohibit alcohol sales. As a result of the election, alcohol sales were prohibited within the municipal limits of the City of Pineville and in Wards 10 and 11, as well as in other wards not pertinent to this case. It is undisputed that Election District A largely coincides with Ward 10 and extends outside Ward 10 to include a part of the City of Pineville and a part of Ward 11, all of which voted to prohibit the sale of alcoholic beverages.

In March 2007, Fuel Plus applied for and was denied a Class B Liquor Permit for its location in Ward 10 and Election District A of Rapides Parish. Fuel Plus then filed a petition for mandamus seeking to compel the issuance of a liquor license. The trial court rendered judgment in favor of Defendants, the Rapides Parish Police Jury and Donna Andries in Her Capacity as Tax Administrator for the Rapides Parish Sales and Use Tax Department, and gave written reasons therefore. Fuel Plus appeals.

## DISCUSSION

On appeal, Fuel Plus asserts that under La.R.S. 26:583 and *Sabine Parish Police Jury v. Commissioner of Alcohol and Tobacco Control*, 04-1833 (La. 4/12/05), 898 So.2d 1244, the local option election was ineffective in that it was conducted on the basis of wards rather than election districts, regardless of the fact that after the local option election the entire area encompassed by the election district voted to prohibit alcoholic beverage sales.

Louisiana Revised Statutes 26:583 provides, in pertinent part, that:

> A. When a portion of a ward, election district, or municipality is annexed or made a part of another ward, election district, municipality, or city-parish government, the portion annexed or made a part of shall take on the legal sales characteristics, as provided in this Chapter, of the ward, election district, municipality, or city-parish government to which it is annexed or made a part of.
>
> B. The provisions of this Section shall be applicable to any election previously called under this Title or any other local option law and to any territory covered by such election which has subsequently been merged with another ward, election district, incorporated municipality, or portion thereof or whose boundary has been changed, it being the intention of this Chapter that the sale of beverages covered by this Title be permitted or prohibited only in an entire ward, election district, or incorporated municipality and not in any portion thereof.
>
> C. Notwithstanding the provisions of Subsections A and B of this Section, any package house in existence and operating as such on August 15, 1995, in an area that is subsequently annexed into a ward, election district, municipality, or city-parish government that prohibits the sale of alcoholic beverages shall be allowed to continue operation and shall not be subject to the provisions of Subsections A and B of this Section.

The Louisiana Supreme Court in *Sabine Parish Police Jury v. Commissioner of Alcohol & Tobacco Control*, 04-1833, pp. 19-20 (La. 4/12/05), 898 So.2d 1244, 1256 (footnote omitted) responded to the argument that a local option election could be held on the basis of wards even where the parochial officials were elected from election districts as follows:

3

As a result of the 1997 legislation, La. R.S. 26:581(2) now defines an "election district" as the district from which a parochial officer is elected. La. R.S. 26:582 now authorizes the governing authority of the designated political subdivisions to hold local option elections. We do not believe that the legislature intended for both wards and election districts to be operative for local option purposes when a parish contains both. In an area where the governing authority of a parish is no longer elected from wards but by election district, then the operative entity for local option purposes is the election district, even where the wards have not been formally abolished and may still exist for some purposes such as taxing. We believe that the term "ward" was retained in the statute for those parishes which may still elect their parochial officers by ward. Consequently, while we do not find La. R.S. 26:583 to be completely ambiguous, we do not find it to be a model of clarity. Had the legislature intended for both wards and election districts within the same parish to remain operative for local option purposes, it would have stated so explicitly.

Plaintiff cites this as support for its argument that since no local option election was held for Election District A resulting in a prohibition of the sale of alcohol and since police jurors in Rapides Parish are elected from election districts, Election District A is "wet," and, as a result, the area comprising Ward 10 is "wet."

The case before us differs from *Sabine,* in certain respects. In *Sabine* the local option election took place before the redistricting of the parish into election districts, that redistricting resulted in a "dry" ward becoming part of an otherwise "wet" election district. In the case before us, the local option election took place after the redistricting, included the entire parish, and after the election, all of Election District A had voted to remain dry. Although the parish-wide election allowed voters to determine whether their ward, rather than their election district, would allow sale of alcoholic beverages, the result, as it affects the parties to this case, is that Election District A chose to prohibit the sale of alcoholic beverages. Therefore, the argument that the election should have been held on the basis of election districts rather than wards is based, in this case, on a distinction without a difference. In either case, the

4

voters of Election District A have chosen to prohibit the sale of alcoholic beverages. La.R.S. 26:583 makes it clear that its purpose is that the sale of alcoholic beverages be allowed or prohibited "only in an entire ward, election district, or incorporated municipality and not in any portion thereof." Therefore, as it pertains to Election District A, the purpose of the statute has been achieved.

> "[T]he object of the court in construing a statute is to ascertain the legislative intent and, where a literal interpretation would produce absurd consequences, the letter must give way to the spirit of the law and the statute construed so as to produce a reasonable result." *SWAT 24 Shreveport Bossier, Inc. v. Bond*, 00-1695, p. ---- (La.6/29/01), 808 So.2d 294, 302. This has been a well-recognized principle of Louisiana law for almost two centuries, given the fact that it was set forth in *Buhol v. Boudousquie*, 8 Mart.'(N.S.) 425(1830).

*City of New Orleans v. Louisiana Assessors' Retirement and Relief Fund*, 05-2548 (La. 10/1/07), ___ So.2d ___. The result advocated by Plaintiff herein would result in an overriding of the will of the voters of Election District A in an attempt to follow the letter of the law while ignoring its spirit.

Accordingly, we find no error in the trial court's determination that the local option election was valid and resulted in the prohibition of the sale of alcoholic beverages in Election District A and Ward 10.

CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the Plaintiff-Appellant.

AFFIRMED.

5